UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| JONATHAN B. STANLEY, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 20-61-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAMPBELL CO. KY. JAILER, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Jonathan B. Stanley, Jr., is a federal inmate confined at the United States Penitentiary – Big Sandy in Inez, Kentucky. Stanley has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. [Record No. 1] Federal law requires that the Court review the Complaint prior to service of process.[1]

In December 2018 Stanley was confined at the Campbell County Detention Center. Beginning in June 2018, the jail allegedly had become infested with scabies, a tiny mite that burrows into the skin causing skin irritation and rash. By December, Stanley had become infected and his skin began to itch. Stanley suggests that during this period jail staff took some effort to address the problem by removing his mattress pad. However, staff did not change his

---

[1] *See* 28 U.S.C. §§ 1915(e)(2), 1915A. These statutes direct a district court to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When reviewing the plaintiff's Complaint at this stage, the Court accepts all non-conclusory factual allegations as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). The Court therefore sets forth Stanley's allegations as fact.

-1-

bed linens or his clothes.  Likewise, staff did not provide Stanley with cleaning supplies for his cell.  Skin cream was provided, but staff did not assist him in spreading it to areas of his skin he could not reach.  [Record No. 1 at 2-4, 8]  Stanley separately complains that: (i) there was mold in his cell; (ii) he had to sit on an iron bed frame when his mattress pad was confiscated; (iii) the shower area was cold; and (iv) staff confiscated hygiene items.  Stanley indicates these events occurred in December 2018.  At that time, he was transferred into federal custody,[2] thus preventing him from completing the jail's inmate grievance process.  [Record No. 1 at 6; No. 1-1 at 1-2]

Stanley identifies the defendants as the "Campbell County KY Jailer"; the "Campbell County KY Jail Staff"; the "Campbell County KY medical staff"; and an unnamed captain and major.  He indicates that he cannot remember the names of the defendants.  Stanley seeks monetary damages from the defendants for an asserted violation of his rights under the Eighth Amendment to the United States Constitution.  [Record No. 1 at 1-2, 4, 8]

Six weeks ago, Stanley asserted the same claims against the "Campbell County KY Jailer" in a prior suit in this Court.  That Complaint was dismissed without prejudice because Stanley did not clearly indicate how the jailer was personally involved in the events he described.  The Court did not address Stanley's motion to proceed *in forma pauperis* or require payment of the filing fee.  Instead, it provided Stanley with a new complaint form.  *Stanley v. Campbell Co. KY Jailer*, No. 2: 20-28-DLB (E.D. Ky. 2020).

---

[2]  In April 2018, Stanley was charged for his role in a conspiracy to traffic in heroin.  He reached a plea agreement with the United States, and on December 18, 2018 he was sentenced to 51 months imprisonment.  *United States v. Stanley*, Criminal Action No. 2: 18-12-DLB-CJS-3 (E.D. Ky. 2018).

The Court will dismiss this case, with prejudice, because it is clear that Stanley did not file suit within the time period permitted by the applicable statute of limitations. His claims, therefore, are time-barred. The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

Stanley's claims had accrued by December 2018 when he became aware of the injury which forms the basis for his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). Indeed, Stanley had filed an inmate grievance about these matters in December 2018, but indicates that he could not complete the process because he was transferred into federal custody. [Record No. 1 at 6]

Kentucky's one-year statute of limitations to assert personal injury claims applies to events occurring in the Commonwealth. Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). As a result, Stanley was required to file his Complaint by December 2019. But because he did not file suit until April 2020, his claims are

time-barred and must be dismissed. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

Further, Stanley has not identified any defendant by name, only by their position or job function. He indicates that he might be able to determine their names through discovery by looking at a list of officers working at the jail. [Record No. 1 at 4] But even if Stanley's present Complaint had been timely filed, his lack of knowledge of the defendants' identity is not a sufficient ground to permit an amended complaint filed in the future to relate-back to the original filing. *Cf. Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) ("Smith did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the two-year limitations period. The relation-back protections of Rule 15(c) were not designed to correct that kind of problem."). The Court must therefore dismiss the Complaint as untimely.

Accordingly, it is hereby

**ORDERED** as follows:

1.     Plaintiff Stanley's Complaint [Record No. 1] is **DISMISSED**, with prejudice.

2.     This matter is **STRICKEN** from the docket.

Dated:  April 22, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky